UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mike Amendola,

    Plaintiff,

v.                                                          Civil No. 08-6231 (JNE/RLE)
                                                              ORDER

Mayo Foundation for Medical Education and
Research, d/b/a Mayo Medical Transport, a/k/a
Gold Cross Ambulance, and David B. Johnson,
individually,

    Defendants.

Roger Swor,

    Plaintiff,

v.                                                          Civil No. 08-6232 (JNE/RLE)
                                                             ORDER

Mayo Foundation for Medical Education and
Research, d/b/a Mayo Medical Transport, a/k/a
Gold Cross Ambulance, and David B. Johnson,
individually,

    Defendants.

---

George C. Aucoin, Esq., Law Offices of George C. Aucoin, APLC, appeared for Plaintiffs Mike Amendola and Roger Swor.

Gregory J. Griffiths, Esq., Dunlap & Seeger, P.A., appeared for Defendants Mayo Foundation for Medical Education and Research, d/b/a Mayo Medical Transport, a/k/a Gold Cross Ambulance, and David B. Johnson, individually.

---

      Mike Amendola and Roger Swor assert retaliation claims under the Uniformed Services Employment and Reemployment Rights Act (USERRA) against their employer, Mayo Foundation for Medical Education and Research, d/b/a Mayo Medical Transport, a/k/a Gold Cross Ambulance (Gold Cross); and their supervisor, David B. Johnson. Amendola and Swor

1

claim that Gold Cross and Johnson retaliated against them for giving statements in support of a fellow employee's USERRA claim. The Act prohibits an employer from discriminating in employment or taking any "adverse employment action" against any person because the person:

> (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter.

38 U.S.C. § 4311(b) (2006). This prohibition applies without regard to whether the person served in the uniform services. *Id.* Thus, although neither Amendola nor Swor is a member of the uniformed services, *see id.* § 4303(16) (defining "uniformed services"), the key issue before the Court is not whether Amendola and Swor are covered by the Act. They are. Instead, the key issue is whether there is a materiality requirement in USERRA's anti-retaliation provision.

Gold Cross and Johnson contend that there is such a requirement and that it is similar to that of Title VII. To establish a retaliation claim under Title VII, a plaintiff must demonstrate that "a reasonable employee would have found the challenged action materially adverse." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Minor slights and disagreements with supervisors are not protected by Title VII. *Id.* Amendola and Swor agree that the actions they challenge in these cases would not rise to the level of materiality required by Title VII, but they assert that USERRA has no comparable materiality requirement. They maintain that USERRA only requires an inquiry into the employer's motivation for the challenged action and that there is no place in the Act for evaluating the materiality of the challenged action. For the reasons set forth below, the Court rejects their argument, grants Gold Cross and Johnson summary judgment, and dismisses these actions.

Gold Cross provides ambulance service in the areas of Duluth, Minnesota, and Superior, Wisconsin. It employs paramedics and emergency medical technicians in three shifts. Each shift

2

is supervised by a team captain. Each shift also has an assistant team captain. Johnson supervises all team captains, assistant team captains, and paramedics.

Gold Cross employs Amendola and Swor as paramedics. Amendola is the assistant team captain of the "A" shift. He also volunteers as a site safety officer. Swor is the team captain of the "B" shift. Chad Lisdahl, the plaintiff in *Lisdahl v. Mayo Foundation for Medical Education & Research*, Civ. No. 07-3708 (D. Minn. filed Aug. 15, 2007), was Swor's assistant team captain. In that action, Lisdahl claimed that Gold Cross and Johnson had violated USERRA by denying Lisdahl his rights under USERRA as a returning veteran. After a trial to a magistrate judge, Lisdahl's case was dismissed with prejudice. *Lisdahl v. Mayo Found. for Med. Educ. & Research*, Civ. No. 07-3708 (D. Minn. Feb. 1, 2010) (Findings of Fact, Conclusions of Law, and Order for Judgment), *appeal docketed*, No. 10-1477 (8th Cir. Mar. 2, 2010). Amendola and Swor maintain that Johnson began to retaliate against them after they provided statements to the Department of Labor in support of Lisdahl's claims.

In his affidavit, Amendola asserts, in general terms, that he experienced the following retaliation: (1) Johnson denied Amendola vacation time and threatened Amendola with a revised schedule designed to deny Amendola the use of earned vacation time; (2) Johnson indirectly communicated threats to Amendola's employment; (3) Johnson required Amendola to attend captain meetings; (4) Johnson ridiculed Amendola in the presence of other employees; (5) Johnson denied Amendola paid overtime to address safety issues; (6) Johnson ridiculed and belittled Amendola's work on annual safety inspections; (7) Johnson ignored Amendola in the presence of other employees; and (8) Johnson raised his voice and spoke angrily toward Amendola during meetings. At his deposition, Amendola described the dispute about vacation time as related to scheduling matters; characterized comments made during that dispute as a

threat to his employment; acknowledged that the captain meetings were changed to a day that better accommodated his schedule; testified that he has, "[f]or the most part," been able to address safety issues during his regular shift; acknowledged that he has not been disciplined since Lisdahl returned from military leave, since Lisdahl's lawsuit commenced, or since his own lawsuit commenced; and testified that he has not experienced any financial harm as a result of Johnson's actions.

In his affidavit, Swor claims, in general terms, to have experienced the following retaliation: (1) Johnson threatened to take away Swor's company cell phone for violating a restriction on use; (2) Johnson sent accusatory and threatening e-mails related to inconsequential matters; (3) Johnson was angry, told Swor that Swor had no right to copy other employees on e-mails, and required Swor to sign a corrective action; (4) Johnson belittled and demeaned Swor during captain meetings; (5) Johnson refused Swor's request for an interim assistant team captain; and (6) Johnson created an atmosphere of fear and intimidation. With regard to Swor's complaint about his cell phone, Johnson acknowledged that he had imposed a 500-minute per month limit on all company-issued cell phones. Swor repeatedly exceeded the limit, and Johnson reminded Swor of the limit. Swor continues to use his company-issued cell phone. As to Swor's e-mails to other employees and the corrective action, Johnson and Swor exchanged e-mails related to whether a carpet should be cleaned or replaced. Johnson thought it should be cleaned; Swor thought it should be replaced. Swor sent an e-mail to other employees to solicit their thoughts on the matter. Johnson's superiors received Swor's e-mail, found it inappropriate, and directed Johnson to discipline Swor. Johnson and Swor met, Swor signed a corrective action, Johnson concluded that corrective action was not necessary, and Johnson destroyed the

corrective action.  As to the assistant team captain, Johnson acknowledged that he refused to allow Swor to name an assistant team captain while Lisdahl was on medical leave.

Gold Cross and Johnson dispute many of Amendola's and Swor's allegations.  They cite evidence that contradicts Amendola's and Swor's claims of causation.  For instance, Johnson told Swor not to exceed the 500-minute per month limit on company-issued cell phones before Lisdahl's case was even investigated.  Nevertheless, for present purposes, the Court accepts Amendola's and Swor's allegations as true.  *See* Fed. R. Civ. P. 56.

As noted above, USERRA prohibits an employer from discriminating in employment or taking any "adverse employment action" against any person because the person:

> (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter.

38 U.S.C. § 4311(b).  Every court that has examined the question—at least every decision cited by the parties or located by this Court in its own research—of whether there is a materiality requirement in USERRA has held that there is.  The recent decision in *Crews v. City of Mt. Vernon*, 567 F.3d 860 (7th Cir. 2009), thoroughly discusses the issue.  In *Crews*, the court of appeals discerned "no reason to dispense with the materiality requirement in [USERRA] retaliation cases."  *Id.* at 869.  The court continued:  "Requiring material adversity for both types of claims [discrimination and retaliation under USERRA] is consistent with the Supreme Court's decision in *Burlington* . . . in which the Court established the standard for retaliation claims under Title VII."  *Id.*  The Seventh Circuit concluded:  "In line with *Burlington*, we do not think that the protections of USERRA are so sweeping as to provide a remedy for mere 'trivial harms.'  That is especially true since textual differences between the anti-retaliation provisions of Title VII and USERRA suggest that the latter has a more *limited scope*."  *Id.* (emphasis added).

5

Acknowledging that "claims under USERRA do not follow the same three-step burden shifting analysis set forth in *McDonnell Douglas*," the Eighth Circuit has similarly stated that "the employee must still have suffered an adverse employment action in order to succeed on a claim." *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 930 (8th Cir. 2007).

Against this backdrop, counsel for Amendola and Swor maintained at the motion hearing that there is no materiality requirement. He cited two cases to support his argument. Neither case addresses the issue. In *Robinson v. Morris Moore Chevrolet-Buick, Inc.*, 974 F. Supp. 571 (E.D. Tex. 1997), the plaintiff claimed that his former employer had violated USERRA by firing him in retaliation for his absence from work due to obligations arising out of his membership in the U.S. Army Reserves. *Id.* at 572. Termination of employment is an adverse employment action under any framework, and the materiality requirement was not discussed in *Robinson*. In *Petty v. Metropolitan Government of Nashville-Davidson County*, 538 F.3d 431 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 1933 (2009), no discussion of whether a materiality requirement exists took place, and the case arose in a factual setting in which materiality would reasonably have been assumed. *See id.* at 446.

A federal court does not sit as a super-personnel department that generally oversees a company's employment practices. This point has been made repeatedly in cases arising under Title VII. *See, e.g.*, *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 916 (8th Cir. 2007); *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 973 (8th Cir. 1994). Notwithstanding the protestations of Amendola's and Swor's counsel, the same is true under USERRA. The Court has no reason to doubt that the individual plaintiffs in these cases feel genuinely aggrieved. It would be unfortunate if counsel, motivated by an erroneous understanding of the applicable law, led them to believe that there was a remedy in federal court for their grievances when there is

not. *Clegg* had issued long before these actions were filed. It directly relates to a key component of the claims made, but counsel for Amendola and Swor was barely familiar with it at the motion hearing despite its citation by Johnson and Gold Cross.

Amendola and Swor seek, among other things, injunctive relief. Given the nature of their allegations, it is difficult to envision what form that relief would take. For example, there is a 500-minute per month limit on company-issued cell phones. It would not be an appropriate use of the Court's equitable power to direct that a special exemption from that limit be applied to an individual plaintiff. Amendola and Swor complain that certain statements made by their supervisor are demeaning. Federal law does not require that an employer provide a good, kind, congenial, or even competent supervisor. *See Hervey v. County of Koochiching*, 527 F.3d 711, 722 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 1003 (2009); *Riser v. Target Corp.*, 458 F.3d 817, 820 (8th Cir. 2006); *Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1108-09 (8th Cir. 1998). Nor does federal law establish a general civility code for the American workplace. *See, e.g.*, *Burlington*, 548 U.S. at 68; *Hervey*, 527 F.3d at 722. It is beyond the power of the Court to require that supervisory direction be given in a particular tone of voice or in a particular setting.

It appears that there is ill feeling between the individual plaintiffs and their supervisor. Perhaps the differences between the parties can be worked out, but it is difficult to believe that the commencement of federal lawsuits based on a serious misperception of the law will fan any spark of cooperative spirit that might, or might at one time, have existed.

Because the retaliation allegedly experienced by Swor and Amendola is not materially adverse, the Court dismisses their actions. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Mayo's and Johnson's motions for summary judgment [Docket No. 27 in Civil No. 08-6231; Docket No. 28 in Civil No. 08-6232] are GRANTED.

2. Amendola's motion for summary judgment [Docket No. 34 in Civil No. 08-6231] is DENIED.

3. Swor's motion for summary judgment [Docket No. 35 in Civil No. 08-6232] is DENIED.

4. These cases are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 26, 2010

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge